IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND BILLY TRUJILLO,

      Plaintiff,

 v.                                                   No. 14-cv-0879 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand to Agency for Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on February 17, 2015. The Commissioner responded on June 15, 2015. [Doc. 23]. Plaintiff replied on July 9, 2015. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 11]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that, in formulating the residual functional capacity ("RFC") assessment, the Administrative Law Judge ("ALJ") failed to apply the proper legal standards to the evaluation of Dr. LaCourt's opinion. Accordingly, the Motion will be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were

applied.[1]  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).  Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481.  This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for supplemental security income on March 31, 2009, which was also the alleged disability-onset date.[3]  Tr. 14.  His claim was denied initially and on reconsideration. *Id*.  Plaintiff requested a hearing before an ALJ.  *Id*.  On June 1, 2011, a hearing was held before ALJ Ann Farris, in Albuquerque, New Mexico.  Tr. 14, 25–52.  Plaintiff appeared in person with his attorney.  Tr. 14, 25–52.  The ALJ heard testimony from Plaintiff, Plaintiff's live-in girlfriend, and an impartial vocational expert, Diane Weber.  Tr. 14, 25–52.

The ALJ issued her unfavorable decision on June 28, 2011.  Tr. 14–24.  At step one, she found that Plaintiff had not been engaged in substantial gainful activity since March 31, 2009, the alleged onset date.  Tr. 16.  Accordingly, the ALJ proceeded to step two.  *See id*.  There, she found that Plaintiff suffered from borderline intellectual functioning and a reading disorder. Tr. 16–18.  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 18–19.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 19–22.  The ALJ found that Plaintiff has the RFC "to perform a full range of work at all exertional levels; however, he is limited to simple, routine tasks with a reasoning level of 1; he can follow short, simple verbal instructions, but should not be required to read instructions or write reports."  Tr. 19.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. 22.  Accordingly, the ALJ proceeded to step five, where she found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.  Tr. 22–23.

---

[3] Initially, Plaintiff had also applied for a period of disability and disability insurance benefits, but he later withdrew that claim.  Tr. 14.

Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim.  Tr. 23–24.  The Appeals Council denied Plaintiff's request for review on August 5, 2014.  Tr. 1−3.  Plaintiff timely filed the instant action on September 30, 2014.  [Doc. 1].

## Analysis

The Motion will be granted, and the case will be remanded because, in formulating the RFC assessment, the ALJ impermissibly failed to discuss the weight that she assigned to Dr. LaCourt's opinion.  Although Plaintiff alleges other errors, the Court need not reach them.  Those other alleged errors may be rendered moot by proper evaluation of Dr. LaCourt's opinion and the RFC assessment.

### In formulating the RFC assessment,
### the ALJ failed to explain how she weighed Dr. LaCourt's opinion.

Plaintiff argues that remand is warranted because the ALJ failed to apply the correct legal standards in evaluating the opinion of consultative examiner, David LaCourt, Ph.D.  [Doc. 18] at 12–14.  The ALJ thoroughly described Dr. LaCourt's opinion in explaining her RFC assessment.  Tr. 20–22.  However, the ALJ did not indicate what weight, if any, she accorded his opinion.  *Id.*  Instead, she simply concluded that Dr. LaCourt's opinion supported her RFC assessment.  Tr. 21.  Plaintiff argues that the ALJ was required either to accept Dr. LaCourt's opinion and include his findings in the RFC assessment, or to reject the opinion (or any portion of it) and explain her reasons for doing so.  [Doc. 18] at 8–11 (citing § 416.927(b); Social Security Ruling ("SSR") 96-6p).  Plaintiff argues that because the RFC assessment, in fact, was not consistent with Dr. LaCourt's opinion, remand is warranted.  [Doc. 18] at 12–14.  The Court agrees.

Although ALJs need not discuss every piece of evidence, they are required to *discuss* the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. § 416.927(e)(2)(ii)).  Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why.  SSR 96-5p, 1996 WL 374183 at *5.  "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."  *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."  *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).  Ultimately, ALJs are required to weigh medical source opinions and to provide "appropriate *explanations* for accepting or rejecting such opinions."  SSR 96-5, 1996 WL 374183 at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. § 416.927(e)(2)(ii)).

In this case, the Court finds that the ALJ failed to apply the correct legal standard in evaluating Dr. LaCourt's opinion.  The ALJ failed to describe or explain the amount of weight that she accorded his opinion.  *See* Tr. 20–22.  This error matters because Dr. LaCourt's opinion was more restrictive than the RFC adopted by the ALJ.  *Compare* Tr. 238 (Dr. LaCourt's opinion), *with* Tr. 19 (ALJ's RFC assessment).  Despite the ALJ's conclusory statement to the contrary, Tr. 21, the Court finds that the ALJ rejected certain portions of Dr. LaCourt's opinion

without explaining her reasons for doing so.[4]   *Compare* Tr. 238 (Dr. LaCourt's opinion),

*with* Tr. 19 (ALJ's RFC assessment); *see* Tr. 20–22 (ALJ's discussion of Dr. LaCourt's opinion).

Remand is warranted to correct the error.

Defendant does not dispute the legal standard, to wit:  if the RFC conflicts with a medical

source opinion, the ALJ "must explain why the opinion was not adopted."  [Doc. 23] at 9–10.

Rather, Defendant argues that Dr. LaCourt's opinion is, in fact, consistent with the RFC.  *Id.*

at 9–12.  Defendant's position is that:

> [the non-examining consultants] reasonably translated
> Dr. LaCourt's opinion into concrete vocational terms, which were,
> in turn, adopted by the ALJ in his [sic] decision.  This is, in fact, an
> essential role of State agency medical sources because of their
> familiarity with the Commissioner's regulatory scheme.  *See* 20
> C.F.R. § 416.927(c)(6).  Thus, the fact that the ALJ may not have
> explicitly explained how Dr. LaCourt's opinion supported the
> [RFC] assessment is of little import when other experts in the case,
> which the ALJ relied upon, incorporated Dr. LaCourt's
> conclusions into their opinions.

[Doc. 23] at 10.  Defendant's position is not persuasive for several reasons.

First, Defendant's argument amounts to an impermissible post hoc rationalization.  *See*

*Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (Reviewing courts may only

evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not

"supply[] possible reasons" for an ALJ's decision after the fact.).  The ALJ herself did not

provide this explanation for her findings, and thus, the Court may not rely on it.

---

[4] For example, Dr. LaCourt opined that Plaintiff suffers from, *inter alia*, moderate limitation in sustained
concentration/task persistence; working without supervision; social interaction with the public, co-workers, and
supervisors; and adaptation to changes in the workplace, and that he suffers from marked limitation in working
without supervision where timed.  Tr. 238.  These limitations are not reflected in the RFC, and the ALJ does not
explain why she rejected them. *See* Tr. 20–22.

Second, Defendant's argument is inconsistent with the regulations.  Defendant posits that

this Court should infer that the non-examining consultants translated all aspects of Dr. LaCourt's

opinion into their own opinions.  Defendant would have the Court hold that the ALJ was not

required to make findings as to Dr. LaCourt's opinion because her findings as to the

non-examining opinions were adequate.  *See* [Doc. 23] at 10.  The problem with that rationale is

that the regulations require ALJs to accord "more weight to the opinion of a source who has

examined you than to the opinion of a source who has not examined you."  § 416.927(c)(1).  If

Defendant were correct—and if the ALJ were permitted to ignore Dr. LaCourt's examining

opinion (as long as she made the requisite findings as to the non-examining opinions)—this

regulation would be rendered meaningless.  By Defendant's reasoning, there would be no

purpose in requiring more weight to be accorded to an examining opinion than a non-examining

opinion, so long as the non-examining consultant saw the report of the examining doctor.  The

Court is not persuaded.  The ALJ in this case failed to apply the correct legal standards in

evaluating Dr. LaCourt's opinion, and her discussion of the non-examining opinions does not

remedy the error.[5]

Finally, Defendant argues that "moderate" limitations need not be "incorporated in the

[RFC] assessment" because "the rating of broad functional limitations using terms such as

'mild,' 'moderate,' and 'marked'[] is not [an RFC] assessment [but, instead, applies only to]

---

[5] Defendant also cites *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995).  In *Bean*, the plaintiff's treating
physician opined that she had "severe limitations in her ability to stand, walk, stoop, bend, lift, carry, and climb
stairs."  *Id.*  The ALJ rejected the medical opinion because it was "generic and did not accurately assess plaintiff's
true functional capabilities."  *Id.*  The Tenth Circuit agreed with the ALJ for two reasons.  First, the court found that
"'[s]evere limitations' does not indicate exactly what plaintiff can do in relation to the physical exertional
requirements of sedentary, light, moderate, or heavy work."  *Id.*  Second, the treating physician "recognized [that the
opinion did not offer any specific functional limitation and] recommend[ed] that [the] plaintiff obtain a functional
capacity evaluation to more objectively delineate her restrictions."  *Id.*  In *Bean*, the ALJ clearly rejected the medical
opinion and explained his reasons for doing so.  *See id.*  These are the very findings missing from the instant case.

steps 2 and 3 of the sequential evaluation process."  [Doc. 23] at 11 (citing SSR 96-8p, 1996 WL 374184 at *4).  Certainly, just because Dr. LaCourt found "moderate" limitations in certain areas did not mean that the ALJ was required to utilize the term "moderate" in the RFC assessment. But the ALJ was not permitted "to turn a blind eye" to Dr. LaCourt's assessment of moderate limitations either.  *Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015) (holding that ALJs may not rely on a consultant's suggested RFC assessment when that assessment fails to account for all of the "moderate" limitations identified by the consultant).  Under the circumstances of this case, the ALJ was required either (1) to adopt Dr. LaCourt's opinion such that his findings were reflected in the RFC assessment, or (2) to reject the opinion (or any portion of it) and explain her reasons for doing so.  *See* SSR 96-5, 1996 WL 374183 at *5; *Keyes-Zachary,* 695 F.3d at 1161; 20 C.F.R. § 416.927(e)(2)(ii).  The RFC assessment does not reflect all of Dr. LaCourt's assessed limitations, nor does the ALJ explain why she rejected them.  Therefore, the Court finds that the ALJ did not apply the correct legal standards in evaluating Dr. LaCourt's opinion, and remand is required.

**Conclusion**

The Motion will be granted, and the case will be remanded for application of the proper legal standard to the evaluation of Dr. LaCourt's opinion in formulating the RFC assessment. The other errors alleged by Plaintiff may be affected by proper consideration of Dr. LaCourt's opinion and the consequent reconsideration of the RFC.  Accordingly, those other alleged errors need not be addressed at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing, with Supporting Memorandum [Doc. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**